UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Orlando Division

TAVARES CAREY,
      Plaintiff,             CASE NO.: 13-cv-00426-RBD
v.

PINNACLE CREDIT SERVICES, LLC.,
      Defendant.
_____/

**AMENDED COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL**

**INTRODUCTION**

This is an action for damages brought by an individual consumer for Pinnacle PINNACLE CREDIT SERVICES, LLC violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* (hereinafter "FDCPA"), Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq* (hereinafter "FCRA")and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, *et seq.* (hereinafter "FCCPA"); these laws prevent debt collectors and "persons" from, *inter alia*, engaging in abusive, deceptive, harassing, and unfair collection practices.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. §1692k(d), 15 U.S.C. 1681-1681u and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action is for statutory damages which arises out of the Pinnacle's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA") and Florida Consumer Collections Practices Act, Fla. Stat. 559.55 et seq. ("FCCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Pinnacle is registered to do business here and transacts business here.

1

## PARTIES

4. Plaintiff, TAVARES CAREY (hereinafter "Plaintiff" or "Mr. Carey"), is an individual who is domiciled in the county of Seminole, state of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), 15 U.S.C. § 1681a(c) and "debtor" within the meaning of Fla. Stat.§ 559.55(2), and is also a person with standing to bring a claim under the FDCPA, FCRA and FCCPA by virtue of being directly affected by a violation of the Act.

5. Defendant PINNACLE CREDIT SERVICES, LLC. (hereinafter "Defendant" or "PINNACLE"), is a business entity which is registered to do business in in the State of Florida, and is in the business of collecting debts, and a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6).

6. PINNACLE is a debt collector who collects debts or attempts to collect debts under FDCPA, 15 USCA § 1692a. As such, PINNACLE is subject to the FDCPA which impose a series of duties and prohibitions upon debt collectors.

7. PINNACLE is a person who furnishes information to consumer reporting agencies under FCRA, 15 USCA § 1681s-2. As such, PINNACLE is subject to Section 623 of the FCRA and 15 USC Sections 1681s-2, which impose a series of duties and prohibitions upon any person or entity that furnishes information to a consumer reporting agency.

8. PINNACLE is a "creditor" within the meaning of FCCPA, Fla. Stat. § 559.55(6).

9. At all times relevant to this Complaint, PINNACLE has transacted business in the Middle District of Florida and at other locations throughout the United States.

## FACTUAL ALLEGATIONS

10. Plaintiff, Tavares Carey was the subject of collection efforts by Pinnacle through its employees, agents and/or authorized agents concerning a debt, defined under the meaning and purview of the FDCPA, FCRA and FCCPA by Pinnacle.

11. Mr. Carey received and reviewed his credit reports from the credit reporting agencies, Transunion. Equifax and Experian (hereinafter collectively "CRA's")

12. Upon review of his credit reports Mr. Carey noticed derogatory information being reported on his credit reports by Pinnacle regarding an account with Alltell.

13. Mr. Carey has never entered into an agreement or received any type of services from Alltell or Pinnacle.

14. The debt listed on Mr. Carey's credit report which Pinnacle was trying to collect is inaccurate.

15. Mr. Carey and/or his representative contacted Pinnacle via telephone to dispute the inaccurate information regarding an alleged debt being reported in his credit reports with the CRA's by Pinnacle.

16. Pinnacle advised Mr. Carey and/or his representative that they were attempting to collect a debt.

17. Pinnacle advised Mr. Carey and/or his representative that the debt was regarding a company called Alltel.

18. Mr. Carey and/or his representative disputed the debt verbally over the phone.

19. Mr. Carey and/or his representative requested validation of the debt verbally over the phone.

20. Pinnacle advised Mr. Carey to provide documentation to support his dispute.

21. In response to Pinnacle's request, Mr. Carey faxed documents to Pinnacle supporting his dispute of the inaccurate information that was being reported in his credit report.

22. Additionally, Mr. Carey sent a letter disputing the inaccurate information to Pinnacle by U.S. mail.

23. In his letter, Mr. Carey also requested Pinnacle to validate the disputed debt.

24. Mr. Carey's dispute was not frivolous or irrelevant. Specifically, Plaintiff asserts that he never opened an account regarding the debt which was inaccurately being reported on his credit report by Pinnacle.

25. Despite Mr. Carey's dispute, Pinnacle continued to report its inaccurate, derogatory information to the CRA's.

26. Despite Mr. Carey's request for verification, Pinnacle failed to provide verification of debt to Mr. Carey.

27. Pinnacle failed to provide Mr. Carey with notice of the amount of the debt, the name of the creditor or a statement that the debt would be assumed to be valid if the consumer did not dispute the debt within thirty (30) days after receiving the notice.

28. Mr. Carey is not legally obligated to pay Pinnacle for the debt which Pinnacle is attempting to collect, therefore Pinnacle has falsely represented that Mr. Carey owes the Debt.

29. The inaccurate information negatively reflects upon Mr. Carey's credit repayment history, his financial responsibility as a debtor, and his credit worthiness.

30. Despite Mr. Carey's dispute and submission of credible evidence that he does not owe the debt, Pinnacle has nonetheless deliberately, willfully, intentionally, recklessly, and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information, has failed to properly respond to investigation requests, and has continued to verify, report, and confirm the derogatory inaccurate information about the Plaintiff.

31. At all times pertinent hereto, the conduct of Pinnacle, as well as that of its agents, servants, and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

32. Pinnacle has not provided notice of this disputed matter to the CRA's and is therefore in violation of 15 U.S.C. § 1681s-2 which requires this notice.

33. Pinnacle has failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff within the 30 day period as required by 15 U.S.C. § 1681s-2.

34. Pinnacle has not notified Plaintiff of any determination that Plaintiff's dispute is frivolous within the 5 days required by 15 U.S.C. § 1681s-2, nor at any other time.

35. As of the filing of this Complaint, Pinnacle has not provided Plaintiff with a copy of an agreement for payment or any documents from Alltell or Pinnacle regarding the disputed debt.

36. As of the filing of this action, Pinnacle has failed to provide Plaintiff with the requested validation of the disputed debt requested by Mr. Carey regarding the disputed debt.

37. Plaintiff has no legal obligation to pay Alltell or Pinnacle, its employees, agents and/or representatives for the disputed debt.

38. Pinnacle failed to provide Plaintiff with a written notice pursuant to 15 U.S.C. 1692g.

39. At all times relevant, Pinnacle attempted to collect on the disputed debt that Pinnacle knew was not legitimate.

40. At all times relevant, Pinnacle reported a debt on Mr. Carey's credit report which it knew was not legitimate.

41. At all times relevant, Pinnacle failed to inform credit reporting agencies of Mr. Carey's notice of dispute.

42. At all times relevant Pinnacle asserted the existence of a legal right to collect on the disputed debt when Pinnacle knew that it did not have a right to collect or report on Plaintiff's credit reports with credit reporting agencies.

43. At all times relevant Pinnacle asserted the existence of a legal right to collect on the disputed debt when Pinnacle knew that it did not have a right against Plaintiff.

44. Pinnacle's aforementioned actions were unfair and unconscionable.

45. All acts or omissions of the employees, agents or representatives of Pinnacles were performed within the scope of their respective employment and/or agency.

46. As a result of Pinnacle and its employees, agents or authorized representative's acts or omissions,

47. Mr. Carey has been damaged, and continues to be damaged, in the following ways:

    a. Denial of credit;

    b. Out-of-pocket expenses associated with disputing the information only to find the information to remain on the credit report;

    c. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

    d. Decreased credit score which may result in inability to obtain credit on future attempts.

48. Additionally Mr. Carey has suffered actual damages in the form of cost of attorney fees to defend against Pinnacle's illegal attempts to collect on the disputed debt.

## Count I
### Violations of the Federal Fair Debt Collection Practices Act

49. Plaintiff realleges, and incorporates paragraphs 1 through 48 as if fully set forth herein

50. The foregoing acts and omissions of Pinnacle and its employees, agents and/or authorized representatives constitute numerous and several violations of the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692e(8), 1692f generally, 1692f(1), 1692g(a) and 15 USC 1692e(2)(A)

51. As a result of the above violations of the FDCPA, Plaintiff is entitled to recovery for actual damages, statutory damages, and attorney's fees and costs.

## Count II
### Violations of the Fair Credit Reporting Act

52. Plaintiff realleges and incorporates paragraphs 1 through 48 as if fully set forth herein.

53. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

54. Pursuant to 15 U.S.C. §§ 1681n, 1681o Pinnacle is liable to Plaintiff for engaging in the following conduct:

   a. Willfully and/or negligently publishing, disseminating, verifying and re-reporting false and inaccurate information with disregard for the truth of the information in violation of 15 U.S.C. § 1681s-2.

   b. Willfully and/or negligently failing to provide notice of dispute to credit reporting agencies.

55. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages, and harm to Plaintiff that are outlined more fully above, and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual, and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## Count III
## Violations of the Florida Consumer Collection Practices Act

56. Plaintiff realleges and incorporates Paragraphs 1 through 48 as if fully set forth herein.

57. In connection with the subject debt, Pinnacle engaged in illegal collection practices as are more particularly described below.

    a. Attempting to enforce a debt when Pinnacle knew that the disputed debt was not legitimate and asserting the existence of a legal right when Pinnacle knew that the right did not exist in violation of Fla. Stat. § 559.72(9)

    b. failing to disclose the fact that the information Pinnacle reported was disputed by Mr. Carey in violation of Fla. Stat. § 559.72(6).

58. As a direct and proximate result of the conduct and acts of the Pinnacle, Plaintiff has suffered injuries, damages, and harm. Pinnacle is liable to Plaintiff for the full amount of statutory damages for each violation of $1,000.00, actual, and punitive damages, along with the attorney's fees and the costs of litigation.

## DEMAND FOR JURY TRIAL

59. Plaintiff demands trial by jury on all issues so triable.

## CLAIMS FOR RELIEF REGARDING ALL COUNTS

WHEREFORE, Plaintiff TAVARES CAREY seeks judgment in his favor and damages against the Pinnacle, based on the following requested relief:

a. Actual damages;

b. Statutory damages;

c. Punitive damages;

d. Costs and reasonable attorney's fees pursuant to 15 USC 1692k(3), 15 U.S.C. §§ 1681n, 1681o and Florida Statutes 559.77(2);

e. An order directing that Pinnacles to compensate Mr. Carey for the the humiliation caused by the Pinnacle's unlawful treatment in an amount to be determined at trial;

f. Such other and further relief as may be necessary, just, and proper.

Dated: September 4, 2013

/s/ Christine S. Hansley
Christine S. Hansley, Esq. (FBN: 732151)
C.S. Hansley Law Firm, LLC.
3585 Murrell Road, Suite B
Rockledge, Florida 32955
Telephone: (877) 616-9589
Facsimile: (407) 567-7630
Email: cshlaw4u@aol.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 4, 2013, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on Benjamin W. Raslavich, Esquire, GOLDEN, SCAZ, GAGAIN, PLLC via US mail 201 North Armenia Avenue, Tampa, Florida 33609 and Email: braslavich@gsgfirm.com, Attorney for Defendant and via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

/s/ Christine S. Hansley
Christine S. Hansley, Esq. (FBN: 732151)
C.S. Hansley Law Firm, LLC.
3585 Murrell Road, Suite B
Rockledge, Florida 32955
Telephone: (877) 616-9589
Facsimile: (407) 567-7630
Email: cshlaw4u@aol.com
Attorney for Plaintiff

## VERIFICATION OF AMENDED COMPLAINT AND CERTIFICATION

STATE OF FLORIDA        )
                        ) ss
COUNTY OF SEMINOLE      )

Pursuant to 28 U.S.C. § 1746, Plaintiff Tavares Carey, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Amended Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___8___, __29__, __2013__
              Month    Day    Year

_Tavares G. Carey_
Signature