**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

TAVARES CAREY,

        Plaintiff,

v.                                  Case No. 6:13-cv-426-Orl-37TBS

PINNACLE CREDIT SERVICES, LLC,

        Defendant.

**ORDER**

This cause is before the Court on the following:

1. Defendant's Motion to Dismiss Plaintiff's Amended Complaint and Memorandum of Law (Doc. 23), filed September 18, 2013; and

2. Response to Pinnacle Credit Services, LLC's Motion to Dismiss Amended Complaint (Doc. 26), filed October 11, 2013.

Upon consideration, the Court finds that the motion is due to be granted in part and denied in part.

**BACKGROUND**

Plaintiff alleges that Defendant reported inaccurate information about him to credit agencies regarding an account with Alltel, which Plaintiff denies is his. (Doc. 22, ¶¶ 12–14.) Plaintiff further alleges that he contacted Defendant to dispute the debt and that Defendant refused to notify the credit agencies of the dispute. (*Id.* ¶¶ 18, 25, 32.) The amended complaint therefore alleges: (1) violations of the Fair Debt Collection Practices Act ("FDCPA"), specifically 15 U.S.C. §§ 1692e(8), 1692f generally, 1692f(1), and

1692g(a);[1] (2) violations of the Fair Credit Reporting Act ("FCRA"); and (3) violations of the Florida Consumer Collection Practices Act ("FCCPA"). (*Id.* ¶¶ 49–58.)

Defendant moved to dismiss. (Doc. 23.) Plaintiff opposed the dismissal of the FDCPA claim, but withdrew the FCRA and FCCPA claims. (Doc. 26.) Therefore, the only claim that is proceeding is that Defendant violated §§ 1692e(8), 1692f, 1692f(1), and 1692g(a) of the FDCPA. This matter is now ripe for the Court's adjudication.

## STANDARDS

A plaintiff must plead "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). On a motion to dismiss, the Court limits its consideration to "the well-pleaded factual allegations." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). The factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this plausibility determination, the Court must accept the factual allegations as true; however, this "tenet . . . is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers mere "labels and conclusions" is therefore insufficient. *Twombly*, 550 U.S. at 555.

## DISCUSSION

Defendant first generally argues that Plaintiff fails to state an FDCPA claim because he does not plausibly allege that the debt was a "consumer" debt. (Doc. 23, pp. 5–6.) The Court disagrees. Plaintiff has alleged that he is a consumer from whom Defendant sought to collect a debt. (Doc. 22, ¶¶ 4, 16.) That is enough at this early stage,

---

[1] Plaintiff also named § 1692e(2)(A) in the amended complaint (Doc. 22, p. 6), but withdrew that allegation in his response to the motion to dismiss (Doc. 24, p. 5).

2

when the Court must accept Plaintiff's factual allegations as true. *Cf. Oppenheim v. I.C. Sys., Inc.*, 627 F.3d 833, 837 (11th Cir. 2010) (noting that a plaintiff has to prove up that he is a "consumer" at the summary-judgment stage).

Defendant next contends that Plaintiff's § 1692e(8) claim fails because the FDCPA does not prohibit reporting disputed debt to credit agencies. (Doc. 23, pp. 14–17.) This is true—debt collectors may communicate with credit agencies so long as they are not otherwise acting unlawfully. *See Acosta v. Campbell*, No. 6:04-cv-761-Orl-28DAB, 2006 WL 146208, at *13 (M.D. Fla. Jan. 18, 2006) (Antoon, J.). However, the debt collector's "failure to communicate that a disputed debt is disputed" is indeed a violation of that section. 15 U.S.C. § 1692e(8). As Plaintiff has alleged that he notified Defendant of his dispute but that Defendant failed to pass that dispute along to the credit agencies (Doc. 22, ¶ 32), he has made out a violation of § 1692e(8). *See Acosta*, 2006 WL 146208, at *14 ("[A] debt collector may be liable under the FDCPA if it fails to communicate to a consumer reporting agency that a debt is disputed.").

Finally, Defendant submits that Plaintiff's § 1692f claim fails for lack of specificity. (Doc. 23, pp. 18–19.) Plaintiff makes this claim under both § 1692f "generally" and § 1692f(1) specifically. (Doc. 22, ¶ 50.) Broadly, § 1692f prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt," while § 1692f(1) specifically prohibits "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f. Plaintiff does allege that Defendant attempted to collect on a debt that it knew was not legitimate (Doc. 22, ¶¶ 39–43), thus fulfilling the requirement of § 1692f(1). However, there are no further facts underpinning the general § 1692f claim—no other allegations

go toward unconscionability. The general § 1692f claim is therefore duplicative of the § 1692f(1) claim and is due to be dismissed. *See Taylor v. Heath W. Williams, LLC*, 510 F. Supp. 2d 1206, 1217 (N.D. Ga. 2007) ("A complaint will be deemed deficient under [§ 1692f] . . . if it does not identify any misconduct beyond that which Plaintiffs assert violate other provisions of the FDCPA."); *see also Reese v. JPMorgan Chase Co.*, 686 F. Supp. 2d 1291, 1309 (S.D. Fla. 2009) ("A complaint warrants dismissal if a plaintiff fails to specifically identify how the conduct was unfair or unconscionable under 15 U.S.C. § 1692f."). The § 1692f(1) claim may proceed.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant's Motion to Dismiss Plaintiff's Amended Complaint and Memorandum of Law (Doc. 23) is **GRANTED IN PART AND DENIED IN PART**.

2. The motion is **DENIED** as to the FDCPA claims regarding 15 U.S.C. §§ 1692e(8), 1692f(1), and 1692g(a). Only those claims shall proceed.[2]

3. The motion is **GRANTED** as to the FDCPA claim regarding 15 U.S.C. § 1692f generally, which is **DISMISSED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 7, 2014.

ROY B. DALTON JR.
United States District Judge

---

[2] As the FCRA and FCCPA claims have been withdrawn, they also will not proceed.

4

Copies:

Counsel of Record